## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| GIGAMEDIA ACCESS CORPORATION, | : | Case No. 19-12537 (KBO) |
| | : | |
| Debtor. | : | |
| | : | |
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF GIGAMEDIA ACCESS CORPORATION, | : : : : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. |
| | : | |
| v. | : | |
| | : | |
| JOHN SHALAM, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER(S) PURSUANT TO 11 U.S.C. §§ 547 & 550

Plaintiff, Jeoffrey L. Burtch, the chapter 7 trustee  (the "Trustee" or the "Plaintiff") for the bankruptcy estate (the "Estate") of GigaMedia Access Corporation (the "Debtor"), by his undersigned attorneys, files this complaint (the "Complaint") against John Shalam (the "Defendant"), and in support thereof hereby alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.     Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for, or on account of, an antecedent debt, and to or for the benefit of Defendant by the Debtor during the ninety (90) day period prior to the filing of the Debtor's bankruptcy petition, pursuant to Sections 547 and 550 of Title 11 of the United States Code (the "Bankruptcy Code").

## JURISDICTION AND VENUE

2.     The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.     The statutory and legal predicates for the relief sought herein are Sections 547, 550, and 704(a) of the Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.     This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders and judgments related to matters arising herein.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Debtor's above-captioned bankruptcy case (the "Bankruptcy Case") is pending in the District of Delaware.

6.     Personal jurisdiction over Defendant exists in this Court because Defendant conducted business in the United States, directed activities toward the Debtor in the United States, and/or the transfer(s) at issue occurred in the United States.

7.     Defendant is subject to nationwide service of process by first-class mail, postage prepaid pursuant to Bankruptcy Rules 7004(b) and (d).

8.     Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff states that he consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

9.      On November 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

10.     On December 4, 2019, Jeoffrey L. Burtch was appointed as interim trustee of the Estate pursuant to Section 701 of the Bankruptcy Code.

11.     The Trustee now serves as trustee pursuant to Section 702(d) of the Bankruptcy Code.

## THE PARTIES

12.     Prior to the Petition Date, the Debtor was a provider of document protection solutions for endpoint devices, including mobile and desktop endpoints.

13.     Pursuant to Sections 547, 550, and 704(a) of the Bankruptcy Code, Plaintiff is authorized and has standing to commence, prosecute, and compromise this cause of action.

14.     Defendant was, at all relevant times, an investor in the Debtor.  The Debtor made at least one transfer to Defendant during the 90 days prior to the Petition Date.

15.     Defendant may be served at the following address: 126 Wheatley Road, Old Westbury, New York 11568.

## FACTUAL BACKGROUND

16.     During the ninety (90) day period prior to the Petition Date (August 29, 2019 through and including November 27, 2019 (the "Preference Period")), the Debtor made a transfer (the "Preferential Transfer") to Defendant in a total amount determined by Plaintiff to be not less than $100,000.00.  Information regarding the Preferential Transfer is attached hereto as **Exhibit "A."**

17.     By letter dated October 9, 2020, the Trustee demanded that Defendant return the Preferential Transfer (the "Demand Letter").  The Demand Letter was intended to open lines of

3

communication between the Trustee and Defendant for the purposes of exchanging information and determining whether Defendant has potential affirmative defenses to avoidance of the Preferential Transfer.

18.     Defendant received the demand letter but to date has neither paid or surrendered to the Trustee the value of the Preferential Transfer, nor provided information that the Trustee believes is sufficient to establish a complete defense to avoidance of the Preferential Transfer.

19.     While the Trustee is in possession of some raw data contained in the Debtor's books and records, he does not have access to any of the Debtor's former employees to assist him in investigating and assessing Defendant's potential affirmative defenses to avoidance of the Preferential Transfer.

20.     During the course of this proceeding, Plaintiff may learn of additional transfers made to Defendant during the Preference Period.  It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant or any other transferee.  Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Preferential Transfer, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### COUNT I – TO AVOID PREFERENTIAL TRANSFER
### PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

4

22.     Pursuant to Section 547(b) of the Bankruptcy Code, a trustee, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable Section 547(c) affirmative defenses may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within ninety (90) days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

23.     The Trustee has considered the Debtor's banking records and available business and financial records in an effort to determine whether to bring an action to recover the Preferential Transfer and to evaluate Defendant's potential affirmative defenses. Given the limited financial and business records available to the Trustee, the Trustee's evaluation of the available information constitutes reasonable diligence in the circumstances of this Bankruptcy Case to bring an action under section 547(b) of the Bankruptcy Code against Defendant.

24.     During the Preference Period, the Debtor made a Preferential Transfer in the amount of $100,000.00 to Defendant on the date listed on Exhibit A.

25.     After reasonable diligence under the circumstances of this Bankruptcy Case, including with respect to potential defenses under Section 547(c) of the Bankruptcy Code, Plaintiff believes that the Preferential Transfer is avoidable.

26.     The Preferential Transfer was made to or for the benefit of Defendant, a creditor of the Debtor.

27.     The Preferential Transfer was for or on account of an antecedent debt owed by the Debtor to Defendant before such transfer was made.

LEGAL\55296216\1 07998.0001.000/470505.000

28.     The Preferential Transfer was made at a time when the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the ninety (90) day period prior to the Petition Date pursuant to 11 U.S.C. § 547(f).

29.     The Preferential Transfer was made during the ninety (90) day period prior to the Petition Date.

30.     Defendant had no collateral, security interest, or lien to secure payment for the services rendered to the Debtor or on behalf of the Debtor.

31.     At the time that the Preferential Transfer was made, the sum of the Debtor's debts exceeded the sum of its property at a fair valuation.

32.     The Preferential Transfer enabled Defendant to receive more in satisfaction of its claim against the Debtor than it would have received in a case under Chapter 7 of the Bankruptcy Code had the payment not been made.

33.     By reason of the foregoing, Plaintiff is entitled to an order and judgment under Section 547 of the Bankruptcy Code avoiding the Preferential Transfer.

**COUNT II – TO RECOVER AVOIDED TRANSFER**
**PURSUANT TO SECTION 550(a) OF THE BANKRUPTCY CODE**

34.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 as if fully set forth herein.

35.     Defendant was the initial transferee of the Preferential Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfer was made.

36.     Plaintiff is entitled to recover from Defendant the Preferential Transfer pursuant to Section 550(a) of the Bankruptcy Code, to the extent it is avoided pursuant to Section 547 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant granting the following relief:

A.    On Counts I and II of Plaintiff's Complaint, judgment in favor of Plaintiff and against Defendant, avoiding the Preferential Transfer and directing Defendant to return to Plaintiff the amount of the Preferential Transfer, pursuant to 11 U.S.C. §§ 547 and 550, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.    Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 26, 2021                     COZEN O'CONNOR

*/s/ Gregory F. Fischer*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
Marla S. Benedek (No. 6638)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
T: (302) 295-2000; F: (302) 295-2013
mfelger@cozen.com
gfischer@cozen.com
mbenedek@cozen.com

*Special Counsel for Jeoffrey L. Burtch, Chapter 7*
*Trustee for the Estate of Debtor, GigaMedia Access*
*Corporation*

LEGAL\55296216\1 07998.0001.000/470505.000